IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

MEAGHAN WARD
DAVID WARD and
PAIGE WARD

    Plaintiffs

v.

RICHARD WETTER, and
COMBINED TRANSPORT LOGISTICS GROUP, INC.

    Defendants

---

**NOTICE OF REMOVAL**

---

Richard Wetter and Combined Transport Logistics Group, Inc. (hereinafter "Defendants"), by and through their attorneys, Hall & Evans LLC, hereby file their Notice of Removal of this action from the District Court, El Paso County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for this removal, Defendants state that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, and in further support of its Notice of Removal, states and alleges as follows:

1.    Defendants are named in a civil action brought by the Plaintiffs, in the District Court, El Paso County, State of Colorado. The State Court action is captioned *Meaghan Ward, David Ward and Paige Ward v. Richard Wetter and Combined Transport Logistics Group, Inc.*, Civil Action No. 2019CV30412. The aforementioned action was filed on or about February 14, 2019. The Defendants were served with the Amended Summons and Amended Complaint on

March 26, 2019, through its agent of process in the State of Colorado.  Therefore, this Removal is timely pursuant to 28 U.S.C. §1446(b)(1).

1. Pursuant to 28 U.S.C. § 1446(a), the following instruments, which were filed in the Colorado state court action, are attached hereto as designated below:

  a. **Exhibit A** – Complaint

  b. **Exhibit B** – Civil Case Cover Sheet

  c. **Exhibit C** – Civil Summons –

  d. **Exhibit D –** Plaintiffs' Status Report and Request for Extension of Time

  e. **Exhibit E** – Order Granting Plaintiffs' Status Report and Request for Extension of Time

  f. **Exhibit F** – Amended Complaint

  g. **Exhibit G** – Amended Summons

  h. **Exhibit H** – Returns of Service

  i. **Exhibit I** – Entry of Appearance – Paul T. Yarbrough

2. In their Complaint filed in the Colorado state district court, Plaintiffs allege that on November 8, 2017, Plaintiff Meaghan Ward was driving David Ward's 1994 Jeep Wrangler. At the time of the collision, Defendant Richard Wetter was driving a vehicle owned by Combined Transport.  On the occasion in question, both vehicles were northbound on Interstate 25.

3. At the time of the collision, Defendant Richard Wetter was driving a vehicle owned by Combined Transport.  Defendant Richard Wetter allegedly "failed to yield to traffic and collided changed lanes into the lane in which the Plaintiffs' vehicle already was."  (Ex A at ¶10).

4. Plaintiff Meaghan Ward alleges that as a direct and proximate result of Defendant's negligence, she incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent

injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life. Further as a direct and proximate result of the negligence of Defendant, Plaintiff M. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff M. Ward 's economic damages are still accruing, and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. (Ex. A at ¶¶ 20-21)/

5. Plaintiff Paige Ward alleges that as a direct and proximate result of Defendant's negligence, she incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life.  Further as a direct and proximate result of the negligence of Defendant, Plaintiff P. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff P. Ward 's economic damages are still accruing, and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. (Ex. A at ¶¶ 28-29).

6. Plaintiff David Ward alleges that as a direct and proximate result of Defendant's negligence, he incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life.  Further as a direct and proximate result of the negligence of Defendant, Plaintiff D. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss

of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff D. Ward 's economic damages are still accruing, and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. (Ex. A at ¶¶ 36-37).

7. This Court possesses diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. Plaintiffs are citizens of the State of Colorado. (*See* Exhibit A at ¶ 1). Defendant Combined Transport Logistics Group, Inc is a foreign corporation with its principal office location in Central Point, Oregon (*See* Exhibit A at ¶2 and the Rule 7.1 Corporate Disclosure Statement filed contemporaneously with this Notice of Removal). Defendant Richard Wetter is a citizen of the State of Oregon. Therefore, complete diversity of citizenship exists.

8. Plaintiffs' Civil Case Cover Sheet filed in El Paso County District Court represents to the State Court that, "[Plaintiffs are] seeking a monetary judgment for more than $100,000.00 against [Defendants], including any attorney fees, penalties or punitive damages, but excluding interest and costs". (Exhibit B, Pg. 2) Therefore, Plaintiffs are seeking a monetary judgment against Defendants in excess of $100,000. This pleading is signed pursuant to C.R.C.P. 11 by Plaintiffs' counsel, Kianna F. Jackson of King & Beaty, LLC.

9. The amount in controversy in this action exceeds the $75,000.00 jurisdictional minimum required for this Court's diversity jurisdiction. "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

5

10. Jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(a), since the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11. Defendants hereby certify that neither a trial nor any hearings in this matter have been set in the District Court, El Paso County, State of Colorado. In accordance with D.C.Colo.LCiv.R 81.1, a copy of the state court action docket sheet is attached as **Exhibit J**.

12. Defendants have complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Colo.LCiv.R. 81.1.

13. A copy of this Notice of Removal is being filed with the Clerk of the District Court, Adams County, State of Colorado, and is being served on Plaintiffs' counsel as specified on the attached Certificate of Service.

14. A copy of the Notice of Filing of Notice of Removal, which is being filed with the District Court, El Paso County, State of Colorado, is attached to the instant Notice as **Exhibit K**.

15. In their Amended Complaint, Plaintiffs demand a jury trial.

16. All grounds for removal from state district court have been met.

Respectfully submitted on this 24th day of April, 2019.

        HALL & EVANS LLC

        s/ *Paul T. Yarbrough*_____
        Paul T. Yarbrough
        1001 17th Street, Suite 300
        Denver, CO  80202
        303/628-3300
        yarbroughp@hallevans.com

        Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via the manner indicated below this 24th day of April, 2019 to the following addresses:

| | |
|---|---|
| | ☐ First Class Mail |
| Trent T. King | ☐ Hand Delivery |
| Kianna F. Jackson | ☐ Facsimile |
| KING & BEATY, LLC | ☐ Overnight Delivery |
| 3260 E. Woodmen Road, Suite 200 | ☒ CM/ECF |
| Colorado Springs, CO 80920 | ☒ E-Mail |

*s/    Sharon Stevenson*