| | |
|---|---|
| DISTRICT COURT OF EL PASO COUNTY, COLORADO<br>270 S. Tejon Street, Colorado Springs, CO 80903. | DATE FILED: February 14, 2019 11:20 AM<br>FILING ID: 421D3D96D5C95<br>CASE NUMBER: 2019CV30412 |
| Plaintiffs: Meaghan Ward, David Ward and Paige Ward<br><br>v.<br>Defendant: Richard Wetter. | ▲COURT USE ONLY▲ |
| KING & BEATY, LLC<br>Trent T. King, No. 24637<br>Kianna F. Jackson, No. 41251<br>3260 E. Woodmen Road, Suite 200<br>Colorado Springs, Colorado 80920<br>Phone: (719) 505-9999<br>Fax: (719) 344-2340<br>E-mail: kianna@kingandbeaty.com<br>*Attorneys for Plaintiffs* | Case Number:<br><br>Division: |
| **COMPLAINT** | |

COMES NOW, the Plaintiffs, Meaghan Ward, David Ward and Paige Ward, by and through their attorneys, King & Beaty, LLC, for their Complaint against the Defendant, Richard Wetter, state and allege, as follows:

### GENERAL ALLEGATIONS

1. At the time of the collision, Plaintiffs resided in the State of Colorado.

2. Upon information and belief, at all times relevant hereto, Defendant Wetter was and is a person who resides in the State of Oregon.

3. Venue is proper in this action pursuant to C.R.C.P. 98(c)(5) because the tortious conduct upon which the Complaint is based was committed within El Paso County, State of Colorado.

4. On or about November 8, 2017, in El Paso County, Colorado, Defendant Wetter did negligently and carelessly operate a motor vehicle, in total disregard for the traffic regulations then in effect, traffic conditions then encountered, and the rights and safety of Plaintiffs and the public at large.

5. On the occasion in question, Plaintiff M. Ward was driving D. Ward's 1994 Jeep Wrangler.

6. On the occasion in question, both vehicles were northbound on Interstate 25.

7. On the occasion in question, Plaintiffs were driving in the number three lane and Defendant was driving in the number two lane.

8. On the occasion in question, Defendant Wetter failed to yield to traffic and collided changed lanes into the lane in which the Plaintiffs' vehicle already was.

9. Defendant Wetter's tortious conduct was in violation of the duty he owed to Plaintiffs and the public at large to drive carefully and prudently.

10. Plaintiffs were not negligent on the occasion in question.

11. Colorado State Patrol investigated the accident. Upon completion of the investigation, Officer Craig Boyungs, officer number 0999 cited Defendant Wetter with Unsafe Lane Change, violation of C.R.S. §42-4-1007(1)(a).

12. No third party caused, or contributed to the cause, of the accident and Plaintiffs' injuries, damages, and losses.

13. Defendant's tortious conduct was sufficient to cause, and did cause, Plaintiffs severe, permanent, and disabling injuries.

14. Plaintiffs have not failed to mitigate their damages.

15. Plaintiffs have not been injured in an unrelated matter subsequent to the accident in question.

16. Defendant caused property damage to Plaintiffs' vehicle.

## FIRST CLAIM FOR RELIEF
*(Negligence against Defendant Wetter Regarding Plaintiff M. Ward)*

17. The allegations contained in paragraph 1 through 16 above are incorporated herein by reference as if now set forth verbatim.

18. That as a direct and proximate result of Defendant's negligence, Plaintiff M. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life. Accordingly, Plaintiff M. Ward seeks general and special damages from Defendant as a consequence of the injuries and damages

suffered as a result of Defendant's negligent conduct on the occasion in question. Plaintiff M. Ward also incurred property damage.

19. That as a further direct and proximate result of the negligence of Defendant, Plaintiff M. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff M. Ward's economic damages are still accruing, and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff M. Ward seeks economic damages and damages for property from Defendant, both past and future, in an amount to be itemized at trial.

## SECOND CLAIM FOR RELIEF
*(Negligence per se against Defendant Wetter Regarding Plaintiff M. Ward)*

20. The allegations contained in paragraph 1 through 19 are incorporated herein by reference as if now set forth verbatim.

21. In the course of the motor vehicle accident described above, Defendant Wetter violated one or more of the statutes of the State of Colorado, including, but not limited to:

    a. C.R.S. § 42-4-1402, Reckless Driving;
    b. C.R.S. § 42-4-1402(2), Careless Driving Caused Bodily Injury;
    c. C.R.S. § 42-4-1101, Speed; and
    d. C.R.S. § 42-4-1007(1)(a), Driving on Roadways Laned for Traffic (unsafe lane change)

22. The aforementioned statutes were enacted to protect persons such as Plaintiff M. Ward from harm and injury of the type inflicted upon her. As such, the conduct of Defendant Wetter in violating said statutes constitutes negligence *per se*.

23. That as a direct and proximate result of the Defendant Wetter's negligence *per se,* Plaintiff M. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries requiring surgery, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of enjoyment of life. Plaintiff M. Ward also incurred property damage. Accordingly, Plaintiff M. Ward seeks general and special damages from Defendant Wetter as a consequence of the injuries and damages suffered solely as a result of Defendant Wetter's negligence *per se* on the occasion in question.

24. That as a further direct and proximate result of the Defendant Wetter's negligence *per se,* Plaintiff M. Ward incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, disability, impairment, and loss of earning

capacity, and other special damages and expenses. Plaintiff M. Ward's economic damages are still accruing, and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff M. Ward seeks economic damages from Defendant Wetter, both past and future, in an amount to be itemized at trial.

## THIRD CLAIM FOR RELIEF
*(Negligence against Defendant Wetter Regarding Plaintiff P. Ward)*

25. The allegations contained in paragraph 1 through 24 above are incorporated herein by reference as if now set forth verbatim.

26. That as a direct and proximate result of Defendant's negligence, Plaintiff P. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life. Accordingly, Plaintiff P. Ward seeks general and special damages from Defendant as a consequence of the injuries and damages suffered as a result of Defendant's negligent conduct on the occasion in question. Plaintiff P. Ward also incurred property damage.

27. That as a further direct and proximate result of the negligence of Defendant, Plaintiff P. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff P. Ward 's economic damages are still accruing and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff P. Ward seeks economic damages and damages for property from Defendant, both past and future, in an amount to be itemized at trial.

## FOURTH CLAIM FOR RELIEF
*(Negligence per se against Defendant Wetter Regarding Plaintiff P. Ward)*

28. The allegations contained in paragraph 1 through 27 are incorporated herein by reference as if now set forth verbatim.

29. In the course of the motor vehicle accident described above, Defendant Wetter violated one or more of the statutes of the State of Colorado, including, but not limited to:

   a. C.R.S. § 42-4-1402, Reckless Driving;
   b. C.R.S. § 42-4-1402(2), Careless Driving Caused Bodily Injury;
   c. C.R.S. § 42-4-1101, Speed; and

    d. C.R.S. § 42-4-1007(1)(a), Driving on Roadways Laned for Traffic (unsafe lane change)

30. The aforementioned statutes were enacted to protect persons such as Plaintiff P. Ward from harm and injury of the type inflicted upon her. As such, the conduct of Defendant Wetter in violating said statutes constitutes negligence *per se*.

31. That as a direct and proximate result of the Defendant Wetter's negligence *per se*, Plaintiff P. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries requiring surgery, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of enjoyment of life. Plaintiff P. Ward also incurred property damage. Accordingly, Plaintiff P. Ward seeks general and special damages from Defendant Wetter as a consequence of the injuries and damages suffered solely as a result of Defendant Wetter's negligence *per se* on the occasion in question.

32. That as a further direct and proximate result of the Defendant Wetter's negligence *per se,* Plaintiff P. Ward incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, disability, impairment, and loss of earning capacity, and other special damages and expenses. Plaintiff P. Ward's economic damages are still accruing and she will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of her natural life. Accordingly, Plaintiff P. Ward seeks economic damages from Defendant Wetter, both past and future, in an amount to be itemized at trial.

### FIFTH CLAIM FOR RELIEF
*(Negligence against Defendant Wetter Regarding Plaintiff D. Ward)*

33. The allegations contained in paragraph 1 through 32 above are incorporated herein by reference as if now set forth verbatim.

34. That as a direct and proximate result of Defendant's negligence, Plaintiff D. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of quality of and enjoyment of life. Accordingly, Plaintiff D. Ward seeks general and special damages from Defendant as a consequence of the injuries and damages suffered as a result of Defendant's negligent conduct on the occasion in question. Plaintiff D. Ward also incurred property damage.

35. That as a further direct and proximate result of the negligence of Defendant, Plaintiff D. Ward incurred property damage, medical bills, physician bills, rehabilitation and therapy bills, and medication expenses, loss of wages and/or lost earning capacity, disability, impairment, and other special damages and expenses. Plaintiff D. Ward's economic damages are still accruing, and he will continue to incur medical bills,

physician bills, rehabilitation and therapy bills, medication expenses, loss of income and/or loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff D. Ward seeks economic damages and damages for property from Defendant, both past and future, in an amount to be itemized at trial.

## SIXTH CLAIM FOR RELIEF
*(Negligence per se against Defendant Wetter Regarding Plaintiff D. Ward)*

36. The allegations contained in paragraph 1 through 35 are incorporated herein by reference as if now set forth verbatim.

37. In the course of the motor vehicle accident described above, Defendant Wetter violated one or more of the statutes of the State of Colorado, including, but not limited to:

    a. C.R.S. § 42-4-1402, Reckless Driving;
    b. C.R.S. § 42-4-1402(2), Careless Driving Caused Bodily Injury;
    c. C.R.S. § 42-4-1101, Speed; and
    d. C.R.S. § 42-4-1008(1), Following Too Closely.

38. The aforementioned statutes were enacted to protect persons such as Plaintiff D. Ward from harm and injury of the type inflicted upon him. As such, the conduct of Defendant Wetter in violating said statutes constitutes negligence *per se*.

39. That as a direct and proximate result of the Defendant Wetter's negligence *per se,* Plaintiff D. Ward incurred substantial, serious, and debilitating physical, orthopedic, and neurological injuries requiring surgery, past, present, and future physical pain and suffering and severe mental anguish, permanent injury, permanent disability, permanent impairment, and loss of enjoyment of life. Plaintiff D. Ward also incurred property damage. Accordingly, Plaintiff D. Ward seeks general and special damages from Defendant Wetter as a consequence of the injuries and damages suffered solely as a result of Defendant Wetter's negligence *per se* on the occasion in question.

40. That as a further direct and proximate result of the Defendant Wetter's negligence *per se,* Plaintiff D. Ward incurred medical bills, physician bills, rehabilitation and therapy bills, medication expenses, disability, impairment, and loss of earning capacity, and other special damages and expenses. Plaintiff D. Ward's economic damages are still accruing, and he will continue to incur medical bills, physician bills, rehabilitation and therapy bills, medication expenses, and loss of earning capacity, and other special damages and expenses far into the future, if not for the balance of his natural life. Accordingly, Plaintiff D. Ward seeks economic damages from Defendant Wetter, both past and future, in an amount to be itemized at trial.

WHEREFORE, Plaintiffs, Meaghan Ward, David Ward and Paige Ward, pray for judgment against Defendant Richard Wetter for all general damages, special damages, property

damage, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiffs' claims, interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted,

**KING & BEATY, LLC**
*Original duly signed and on file at King & Beaty, LLC*

By: */s/ Kianna F. Jackson*
Kianna F. Jackson, No. 41251
Attorney for Plaintiff

Plaintiffs' Address:
336 Minstrel Drive Divide, CO 80814

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*